UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT HOLMES III,<br><br>Plaintiff,<br>v.<br><br>LAS VEGAS METROPOLOTAN POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 2:15-cv-1118-LDG-PAL<br><br>**ORDER**<br>– AND –<br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court for a screening of Plaintiff Robert Holmes III's Complaint (ECF No. 1-1). The Complaint is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

Mr. Holmes is a former prisoner proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He has also received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* Order (ECF No. 7). This case arises from Mr. Holmes's allegations, pursuant to 28 U.S.C. § 1983, that Defendants violated his civil rights under the Fifth and Fourteenth Amendments.

After granting a request to proceed *in forma pauperis*, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When a court dismisses a complaint upon the initial screening, a plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless

1

it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). If the complaint states a colorable claim for relief, the court will direct the Clerk of the Court to issue summons to the defendants and instruct the United States Marshal Service ("USM") to serve the summons and complaint. *Cf.* Fed. R. Civ. P. 4(c)(3).

**I. BACKGROUND AND PROCEDURAL HISTORY OF MR. HOLMES' CLAIMS**

The complaint in this case arises from Mr. Holmes's 2006 arrest and conviction in a state criminal case for burglary, theft, and possession of stolen property.[1] His conviction was the subject of a previous civil rights complaint where Mr. Holmes alleged liability under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Holmes v. LVMPD, et al.*, Case No. 2:13-cv-00877-JAD-GWF (the "2013 Case"). The underlying facts of the 2013 civil rights case and the current case are largely the same. *Compare* 2013 Case Am. Compl. (ECF No. 87) *with* Compl. (ECF No. 1-1).

Mr. Holmes alleges that Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Sheriff Doug Gillespie, Sheriff Joe Lombardo, Detective Ryan Anderson (P#6006), Detective Julie Holl a/k/a Julie Hager (P#6004), Detective Roger Palmer (P#6195), Lieutenant C. Nichols (P#4398), and Detective Bradley Nickell (P#4311) violated his Fifth and Fourteenth Amendment rights to just compensation, due process, and equal protection by failing to return certain property seized on September 7–8, and 20, and November 6, 2006. *See* Compl. (ECF No. 1-1) at 18–30, 34–36, 39–40 (Counts I, II, III, V and VIII).

In September and November 2006, LVMPD detectives executed a series of search warrants and seized property from Mr. Holmes' residence. He contends they seized property that was not specified in the warrants. *Id*. at 10. He has made demands for the return of his personal property to no avail. *Id*. at 15. In 2011, Mr. Holmes filed a motion before the state district court seeking the return of his personal property, but it was denied. *Id*. He appealed the denial of his motion to the Nevada Supreme Court but the appeal was dismissed for a lack of jurisdiction. *Id*.

---

[1] Clark County District Court, Case No. C228752 and Case No. C247085.

### A. Mr. Holmes' 2013 Civil Rights Case

Based on the overlap of the two cases, a brief recap of the procedural history and disposition of the 2013 Case is appropriate. Mr. Holmes initiated the 2013 Case in May 2013, alleging civil rights violations against individual Defendants Julie Holl, Roger Palmer, R. Anderson, Bradley Nickell, D. Franc, B. Fulmer, D. Fielding, S. Sampilo, J. Kramarczyk, Sean P. Sullivan, Esq., and Kevin M. Kelly, Esq. along with entity Defendants LVMPD, its Tourist Safety Unit, the Immigration Customs Enforcement Task Force ("ICE"), and Kelly & Sullivan, Ltd.

#### 1. Service as to Detective Julie Holl a/k/a Julie Hager

After the original complaint was screened, the Clerk of the Court issued summons on November 18, 2013, and hand-delivered the summons to the USM for service. *See* 2013 Case Order (ECF No. 21). Mr. Holmes represented that he submitted the USM-285 forms to the USM for service but never received a response. *Id*. He then brought his first motion to extend time to serve, which the court granted on March 26, 2014. *Id*. The court extended the deadline for proof of service until May 19, 2014. *Id*. Pursuant to the court's order, the Clerk of the Court re-issued summons and delivered the same to the USM. *Id*. The USM attempted service on Julie Holl through LVMPD; however, the return indicated that LVMPD had no record of Holl. *See* 2013 Case Summons Unexecuted (ECF No. 16). Mr. Holmes again asked for an extension of the service deadline, which the court granted in part and denied in part extending the deadline an additional 60 days, instead of 120 days. *See* 2013 Case Order (ECF No. 21). The second extended deadline for service was August 5, 2014. *Id*.

On June 23, 2014, Mr. Holmes filed a motion for service indicating that several days earlier he had resubmitted another USM-285 form for Holl in the name of Julie Hager. *See* 2013 Case Mot. (ECF No. 27) at 2. The court granted the motion. *See* 2013 Case Order (ECF No. 30) (noting that LVMPD's Motion to Dismiss (ECF No. 25) indicated that "Holl was one of the officers who executed the search warrant at Plaintiff Holmes' residence on September 8, 2006"). The USM attempted service on Julie Hager (P#6004) through LVMPD; however, the return stated that "LVMPD will not accept summons needs to reflect proper identifiers to be served."

3

*See* 2013 Case Summons Unexecuted (ECF No. 32). As a result, he filed a third motion to extend time for service. *See* 2013 Case Mot. (ECF No. 48). Finding that Mr. Holmes had been diligent in his attempts to serve Defendants, the court extended the service deadline another 30 days until September 7, 2014. *See* 2013 Case Order (ECF No. 49).

In August 2014, the USM attempted service for a third time using the name Julie Holl. *See* 2013 Case Summons Unexecuted (ECF No. 50). However, the return stated, "LVMPD advised they did not possess records indicting the individual to be served was employed by the department." *Id*. Because Mr. Holmes was diligent in effecting service, the court ordered the USM to file a status update regarding the re-attempted service on Holl by September 1, 2014. *See* 2013 Case Order (ECF No. 52). The USM reported that LVMPD would "not accept summons and complaints with only a P#. They require proper identifiers (first and last name, or last name and P#) for their employees in order for process to be accepted." *See* 2013 Case Status Report (ECF No. 56). Mr. Holmes filed another motion requesting service on Holl. *See* 2013 Case Mot. Serve Def. (ECF No. 54). The court denied the motion informing him that LVMPD could not be ordered to accept service for Holl when LVMPD maintained it was not authorized to accept service on the detective's behalf. *See* 2013 Case Order (ECF No. 57). However, the court lifted the stay of discovery "for the limited purpose of allowing Plaintiff to investigate the true identity of Defendant Julie Holl (P#6004) to effectuate service." *Id*.

In October 2014, Mr. Holmes filed a motion to compel the LVMPD Defendants to answer his interrogatories regarding Holl's identity. *See* 2013 Case Mot. (ECF No. 68). The court held a hearing on his motion December 1, 2014. *See* 2013 Case Mins. of Proceedings (ECF No. 72). The court ordered counsel for LVMPD to investigate whether Julie Holl is also known as Julie Hager, and provide the USM with her last known address under seal. *Id*. LVMPD subsequently confirmed that "Julie Holl went under the prior name of Julie Hager." *See* 2013 Case Status Report (ECF No. 73). Summons were reissued by order of the court. *See* 2013 Case Sealed Order (ECF No. 74), Sealed Summons (ECF No. 75). However, service remained unexecuted because the detective no longer resided at the last known residence provided by LVMPD. *See* 2013 Case Summons Unexecuted (ECF No. 76).

4

Mr. Holmes sought leave to amend his complaint to add Julie Hager, appoint an investigator to find her, and to get clarification regarding her identity. *See* 2013 Case Mots. (ECF Nos. 78–80). In January 2015, the court granted in part and denied in part his motions, permitting him to amend the complaint to include Julie Hager as the other name of Julie Holl. *See* 2013 Case Order (ECF No. 84). But the request for clarification was denied as moot because LVMPD had already complied with its obligation to provide her identity. *Id*. Additionally, although the court lacked authority to appoint an investigator, the court found there was "no question as to her identity, and no need to appoint an investigator." *Id*. *See also* 2013 Case Order (ECF No. 86); Amended Complaint (ECF No. 87).

In July 2015, the court issued a notice of intent to dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[2] *See* 2013 Case Notice (ECF No. 104). The Notice stated that the action would be dismissed without prejudice as to unserved Defendants S. Sampilo, J. Kramarczyk and Julie Holl a/k/a Hager unless proof of service was filed on or before August 16, 2015. *Id*. On August 17, 2015, Mr. Holmes filed a motion requesting a 30-day extension of time to serve Julie Holl a/k/a Hager. *See* 2013 Case Mot. (ECF No. 107). The court denied the motion without prejudice finding that, although he represented that he had tried "over and over" to serve the detective, he offered no details on his attempts. *See* 2013 Case Order (ECF No. 108). Thus, the court could not determine whether good cause existed for an extension. *Id*. In September 2015, the Honorable Jennifer A. Dorsey dismissed without prejudice Julie Holl a/k/a Hager, as well as Defendants Sampilo and Kramarczyk, from the 2013 Case based on Mr. Holmes's failure to timely complete service. *See* 2013 Case Order (ECF No. 109).

  2.   2013 Case Disposition

In addition to the common factual allegations, in the 2013 Case, Mr. Holmes alleged that his former attorneys conspired with law enforcement officers to extort and defraud him of the $70,000 he agreed to forfeit as a part of his plea deal. *Id*. at 4. The 2013 Case was the third time Mr. Holmes brought suit against his former attorneys alleging claims about the property law enforcement seized from him in the criminal case. *Id*. at 3–4 (citing Clark County District Court,

---

[2] All references to a "Rule" or "Rules" in this Order refer to the Federal Rules of Civil Procedure.

Case No. A618586 and Case No. A-12-673241). Judge Dorsey noted that each of the previous civil cases were dismissed in the state court. *Id*. at 4. LVMPD filed a civil forfeiture case against Mr. Holmes in March 2007. *Id*. at 5. Although he filed an answer to the civil forfeiture complaint, Judge Dorsey specifically found that he did not file a counterclaim for the return of the property he claims was illegally seized. *Id*.

With regard to the LVMPD Defendants, Mr. Holmes alleged they violated his Fourth, Fifth, and Fourteenth Amendment rights to due process and equal protection by failing to return certain property they seized on September 8 and 20, 2006, and November 20 and 30, 2006. *Id*. at 14, 19, 23, 30 (Counts I, II, III, and IV). These actions purportedly amounted to conversion. Mr. Holmes alleged that ICE agents and LVMPD detectives conspired with each other to take his money by telling him they would seize his home if he did not give them the money. *Id*. at 35 (Count V).

Judge Dorsey found that Mr. Holmes's claims were "patently time-barred under the applicable statute of limitations" and dismissed Defendants Sean P. Sullivan, Kevin M. Kelly, Kelly & Sullivan, Ltd., LVMPD, its Tourist Safety Unit, Brad Nickell, D. Franc, D. Fielding, B. Fulmer, Roger Palmer, and Ryan Anderson with prejudice. *Id*. at 6–8.

### B.   Mr. Holmes' Allegations and Claims for Relief in This Case

Mr. Holmes' complaint alleges that Defendants conspired to deprive him of property they illegally obtained when they executed search warrants at his home on September 7–9 and 20, and November 6, 2006. Included in this case, and not the 2013 Case, are allegations that Detective Julie Holl f/k/a Hager[3] used a false name to fraudulently obtain search warrants and create a false arrest report. *Id*. at 18–33 (Counts I–IV). He asserts that the detective used the false name Holl on all police reports, search warrants, and affidavits in his state criminal case and did so to conceal her true identity and take his personal property. She knew that, without her correct last name, Mr. Holmes would not be able to file a complaint against her and execute service of process on her. Additionally, he claims that Detective Holl created a false name for a supervisor,

---

[3]   The complaint alleges that her name was Julie Holl as of her date of separation from LVMPD. *See* Compl. at 23. Thus, the court will refer to her as "Detective Holl" for the remainder of this Order.

6

Lieutenant C. Nichols (P#4398), who does not exist. *Id.* at 9. Mr. Holmes believes the supervisor's true name is Detective Bradley Nickell (P#4311). *Id.* at 13. The false names were used to deceive him and make him believe that these individuals were active LVMPD officers. *Id.* at 9. Mr. Holmes further claims that Detectives Holl, Anderson, and Palmer, forged Judge James Brennan's signature on the September 20, 2006 search warrant for sole purpose of taking and keeping his property. *Id.* at 34–36 (Count V).

In Count VI, Mr. Holmes alleges that from September 8, 2006, until January 2, 2015, LVMPD intentionally concealed the detective identity to keep his property. *Id.* at 37–38. He alleges that LVMPD hid and concealed Detective Holl violating his due process and equal protection rights by refusing to take service and stating that they had no records that LVMPD ever employed her. *Id.* at 15.

In his request for relief, Mr. Holmes asserts that he is entitled to compensatory damages of $350,000, punitive damages of $500,000, interest on these amounts from the date of the deprivation, costs and attorney fees, and leave to amend his complaint as necessary. *Id.* at 41.

## II.   LEGAL STANDARD

Federal courts are required to dismiss an *in forma pauperis* action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id.*, or lack an arguable "basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under §§ 1915 and 1915A is

the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

For purposes of § 1915's screening requirement, a properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Id.* at 679–80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

For the reasons discussed below, the court finds that the complaint fails to state a claim upon which relief may be granted. The court recommends dismissal with prejudice based on a futility of amendment.

**III.   ANALYSIS**

    **A.   Mr. Holmes' Duplicative Litigation Warrants Dismissal**

The court finds that the current case is nearly identical to the 2013 Case. This alone

8

justifies dismissal. Duplicative litigation of virtually identical causes of action is "an independent ground for dismissal" under 28 U.S.C § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). In determining whether a later-filed action is duplicative, the court examines "whether the causes of action and relief sought, as well as the parties or privities to the action, are the same." *Adams v. California*, 487 F.3d 684, 689 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). Dismissal of a duplicative lawsuit "promotes judicial economy and the comprehensive disposition of litigation." *Adams*, 487 F.3d at 692–93 ; *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (quotation omitted).

The similarities between the 2013 Case and this one are clear. Many of the Defendants here (LVMPD, Detectives Ryan Anderson, Julie Holl, Bradley Nickell, and Roger Palmer) were also named in the 2013 Case. Although the specific amounts differ, Mr. Holmes asks for the same relief. Most importantly, the underlying allegations are virtually the same. Defendants allegedly conspired to deprive Mr. Holmes of property they improperly obtained when Defendants executed search warrants at his home in September and November 2006. When he learned that Detective Julie Holl was formerly known as Julie Hager he simply repackaged his allegations into the current complaint while adding new implausible allegations that she obtained a search warrant using a false identity and Judge Brennan's signature on the search warrants was forged. His complaint largely repeats his previously litigated claims and names Defendants Judge Dorsey dismissed with prejudice from the 2013 Case (LVMPD and Detectives Ryan Anderson, Bradley Nickell, and Roger Palmer). Dismissal of the duplicate claims is therefore warranted.

### B.   The Statute of Limitations Patently Bars Mr. Holmes' Claims

Additionally, even accepting his allegations as true, it is clear that the complaint fails to state a claim upon which relief may be granted because the applicable statutes of limitation

render Mr. Holmes' claims time-barred. *See Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015).

Although § 1983 does not provide a specific statute of limitation, 42 U.S.C. § 1988 states that where the federal law does not provide a statute of limitations, state law shall apply. The Supreme Court has held that in the interest of national uniformity and predictability, all § 1983 claims shall be treated as tort claims for the recovery of personal injuries. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (holding that federal courts shall apply the general or residual statute of limitations for the forum state in § 1983 suits).

The statute of limitations is usually a matter to be raised as an affirmative defense; however, the court may consider affirmative defenses that are apparent on the face of the complaint. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–29 (9th Cir. 1984). The statute of limitations applicable to a § 1983 action "is the personal injury statute of limitations of the state in which the cause of action arose." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). In Nevada, the personal injury statute of limitations is two years. *See* NRS 11.190(4)(e).

Although state law provides the statute of limitations, "[f]ederal law determines when a cause of action accrues and when the statute of limitations begins to run for a § 1983 claim." *Belanus*, 796 F.3d at 1025 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (noting that "the accrual date of a § 1983 cause of action is a question of federal law"); *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (federal law determines when a cause of action for a § 1983 claim accrues and, hence, when the statute of limitations begins to run)). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Id.* (citing *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *Pouncil*, 704 F.3d at 574).

Here, even if Mr. Holmes could state sufficient facts to allege colorable § 1983 claims, the applicable statutes of limitation render his claims time-barred because he did not initiate an action within two years. He alleges the wrongful government conduct occurred in September and November 2006—close to nine years before he filed the complaint in this case. Mr. Holmes

presumably knew that law enforcement officers had seized his property at or around the time the search warrants were executed. Judge Dorsey noted that he knew or had reason to know of the alleged illegal seizure of his property by March 2007, when LVMPD initiated the civil forfeiture case and he filed an answer to LVMPD's complaint. At the very latest, Mr. Holmes knew of the injury in November 2011, when he filed a motion before the state district court seeking the return of his personal property. *See* Compl. at 15. By any measure, his claims violate Nevada's two-year statute of limitations.

The complaint explains in detail that he was unaware of the discrepancy in Detective Holl's name until December 2014. *Id*. at 7. It is common for women to change names with a change in marital status. The complaint provides no support for Homes' implausible claim that the detective used a false name on her reports or to obtain a search warrant. Even if Mr. Holmes was unaware of Detective Holl's name change in 2006, he was aware of the execution of the search warrant and the seizure of his property. Thus, he was aware of the injury years ago, and his claims accrued long before he learned of Detective Holl's name change in 2014. Accordingly, Counts I–V, and VIII of the complaint fail to state a claim upon which relief can be granted, and the court will recommend dismissal of these claims with prejudice.

### C.   Access to the Courts Claim

Count VI of the complaint may be attempting to state an access to court claim. Mr. Holmes alleges that LVMPD hid and concealed Detective Holl's identity from September 2006 until January 2015, and violated his due process and equal protection rights by refusing to take service and stating that they had no records that LVMPD ever employed her. *See* Compl. at 15. LVMPD purportedly concealed her identity to keep Mr. Holmes' property. *Id*. at 37–38.

Prisoners have a fundamental constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828; *see also Phillips*, 588 F.3d

at 655.  However, the "scope of the right of access to the courts is quite limited." *Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999).  The right of access is only a right to bring complaints to the federal court—not a right to litigate them effectively once filed.  *See Lewis*, 518 U.S. at 354–55; *Madrid*, 190 F.3d at 995; *Cornett v. Donovan*, 51 F.3d 894, 899 (9th Cir. 1995) ("Once the claim reaches a court, an indigent institutionalized person is in the same position as an indigent noninstitutionalized person filing, for example, a civil rights claim.").

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived.  *See Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  *Lewis*, 518 U.S. at 348 (citation and internal quotation marks omitted); *see also Hebbe*, 627 F.3d at 342–43.  Where a prisoner asserts a backward-looking denial of access claim (*i.e.*, one seeking a remedy for a lost opportunity to present a legal claim), he must also show the loss of a "nonfrivolous" or "arguable" underlying claim.  *Christopher v. Harbury*, 536 U.S. 403, 415, 417 (2002) (noting that a backward-looking denial of access complaint "should state the underlying claim in accordance with Rule 8(a), just as if it were being independently pursued"); *see also Avalos v. Baca*, 596 F.3d 583, 591 n.8 (9th Cir. 2010); *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that failure to show that a non-frivolous legal claim has been frustrated is fatal to a denial of access claim).

Mr. Holmes' complaint fails to state an access to court claim for multiple reasons.  First, this claim fails because he cannot show an actual injury.  The procedural history of the 2013 Case shows that his attempts to serve Detective Holl were frustrated by LVMPD's responses on multiple occasions.  The USM attempted to serve Detective Holl through LVMPD at least three times.  Each time the clerical notes provided a different reason for ineffective service.  However, Mr. Holmes' diligence and persistence, and the court's case management efforts, eventually remedied the problem.  LVMPD confirmed that Detective Holl was also known as Hager, and she was no longer employed by LVMPD.  Her last known address was submitted under seal and

/ / /

the USM attempted service a fourth time. Unfortunately, service remained incomplete because Detective Holl no longer lived at the last known residence.

Whatever the reason for the delay, and as frustrating as it may have been for Holmes, the court, and the USM, LVMPD fulfilled its obligation by submitting Detective Holl's last known address under seal. The court informed him that LVMPD could not be ordered to accept service for her when it was not authorized to do so. *See* 2013 Case Order (ECF No. 57). In cases involving an incarcerated pro se plaintiff, the USM is required to serve the summons and the complaint upon order of the court. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). But the plaintiff is ultimately responsible for providing the USM with the information necessary to locate each defendant to be served. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). Mr. Holmes was given numerous extensions of time to complete service, but he failed to provide the USM with the correct information to serve Detective Holl. Accordingly, LVMPD's delay in confirming her identity or inability to accept service for her did not cause Mr. Holmes' actual injury.

Second, the access to courts claim fails because his claims in the 2013 Case were time-barred and he cannot show an arguable underlying claim. Judge Dorsey found that his claims were patently time-barred under the applicable statute of limitations. Thus, even if LVMPD had timely advised Mr. Holmes of the discrepancy in Detective Holl's name, and he had successfully served her, the claims were still time-barred. Instead of dismissing the detective without prejudice for a failure to serve her under Rule 4(m), the claims against Detective Holl would have been dismissed with prejudice as time-barred along with the other LVMPD defendants. Mr. Holmes' failure to show an actionable underlying claim or an actual injury demonstrates that his new allegations fail to state a claim upon which relief may be granted. The court further finds that amendment of the complaint would be futile.

Based on the foregoing,

**IT IS ORDERED:** The Clerk of the Court shall FILE the Complaint (ECF No. 1-1).

///

///

**IT IS RECOMMENDED** that:

1. Plaintiff Robert Holmes III's Complaint be DISSMISSED WITH PREJUDICE for a failure to state a claim upon which relief may be granted.
2. The Clerk of the Court be instructed to close the case and enter judgment accordingly.

Dated this 1st day of September, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.