# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT HOLMES III,

    Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al*.,

    Defendants.

Case No. 2:15-cv-01118-LDG (PAL)

**ORDER**

In a lengthy 42 U.S.C. §1983 complaint, plaintiff Robert Holmes alleges the defendants fraudulently obtained his property during the execution of search warrants in 2006. The Magistrate Judge granted Holmes' application to proceed *in forma pauperis*, screened the complaint, ordered that it be filed, and recommended that it be dismissed with prejudice (ECF No. 9). Holmes objects to the recommendation (ECF No. 11). The Court will adopt the recommendation and dismiss this matter.

The Report and Recommendation sets forth the background of this matter, and the Court will summarize only those facts pertinent to Holmes' objections. In 2006, Las Vegas Metropolitan Police Officers executed four search warrants at Holmes' residence, seizing certain property. Detective Julie Holl obtained the search warrants and, in doing so,

identified herself as Julie Holl. Holmes was subsequently convicted. In 2013, Holmes filed a federal §1983 lawsuit seeking damages arising out of the failure to return the seized property. In that suit, Holmes named Holl as one of the defendants. As a result of several unsuccessful attempts to serve Holl, Holmes learned that she is also known by the name Julie Hager. Ultimately, the court dismissed the claims against Holl as she was not served. The court dismissed the claims against the other defendants as time-barred.

In his present suit, Holmes' various claims rest upon the premise that Holl's correct name in 2006 (at the time she obtained the search warrants) was Hager, but that she used the name Holl, rather than Hager, to obtain the warrants. This conduct, he asserts, constituted fraud and caused the seizure of the property to violate his 5th and 14th Amendment rights against unlawful takings. He further claims Holl's use of the name Holl in 2006 denied him access to the court in litigating his 2013 lawsuit.

The Magistrate Judge recommended that the present suit be dismissed because it duplicated the first suit, because claims arising from the 2006 seizure are time-barred (as they were in the first suit), and because Holl's use (in 2006) of the name Holl rather than Hager did not deny Holmes access to the courts to prosecute any claims he had arising from the 2006 seizure of property.

Holmes objects that the Report and Recommendation errs because his present complaint arises from his alleged discovery, in litigating his 2013 complaint, that Julie Holl's actual name while she served as a police officer in 2006 was Julie Hager. He further objects that this suit does not duplicate the first because his first complaint rested upon the premise that his property was not returned, while his present complaint rests upon the premise that the property was illegally seized (because Holl fraudulently used the name Holl, rather than Hager, in obtaining and executing the search warrants). Additionally, he notes that, in his present complaint, he has not named all of the defendants from his 2013

2

complaint. Finally, he argues that the present complaint is not time-barred because it accrued upon his 2014 discovery that Holl used the name Holl, rather than Hager, in 2006.

Holmes' objections are without merit. Both of Holmes' complaints allege conspiracies to unlawfully deprive Holmes of the property seized in 2006. While Holmes' present complaint proffers a new theory as to the nature of the conspiracy, both complaints seek damages from Holmes' alleged loss of that property.

Holmes' alleged discovery, in 2014, that Holl has also been known by the name Hager also fails to provide a sufficient basis to permit him to proceed with the present suit. While Holmes asserts Holl fraudulently used the name Holl, rather than Hager, in 2006, he has not alleged any facts supporting that claim. Rather, Holmes' complaint (and the docket of his prior complaint) alleges facts indicating only that he discovered, in 2014, that Holl no longer worked for the LVMPD in 2014, that LVMPD could not accept service on Holl's behalf, that Holl no longer lived at the address last known by LVMPD, and that LVMPD was aware that Holl had been known, at some unspecified time, as Hager.

Contrary to Holmes' argument, his present claims did not accrue when he first learned that Holl has also been known by the name of Hager (or his discovery that LVMPD was also aware that Holl had been known by the name of Hager). Rather, his present claims accrued when he knew, or should have known, that he had been permanently deprived of the property seized by LVPMD. As established in Holmes' prior litigation, that likely occurred in 2007 (when LVPMD initiated civil forfeiture proceedings to which Holmes filed an answer) and plainly occurred no later than 2011 (when Holmes filed a motion in state court seeking the return of his property).

Accordingly, for good cause shown,

THE COURT **ADOPTS** the Report and Recommendation (#9);

3

1     THE COURT FURTHER **ORDERS** that plaintiff Robert Holmes III's Complaint is
2 DISMISSED with PREJUDICE; The Clerk of the Court is instructed to close this case and
3 enter judgment accordingly.

6 DATED this \_\_4\_\_ day of October, 2017.

_____
Lloyd D. George
United States District Judge